IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JIM HENRY BALL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-553-WKW |
| | ) | (WO) |
| R. McCOLLOUGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Jim Henry Ball, Jr. ("Ball"), in which he challenges the constitutionality of actions and conditions that occurred during a prior stint of confinement in the Birmingham City Jail.[1] Generally, Ball complains that the defendants denied him adequate medical and mental health treatment, including treatment provided at free-world medical and psychiatric facilities located in Birmingham, Alabama, upon referral by jail officials, denied him due process regarding placements in punitive segregation, a medical cell and protective custody, deprived him of outside exercise, subjected him to uses of excessive force, failed to protect his health and safety, acted with deliberate indifference to various conditions at the jail, retaliated against him in violation of his First Amendment rights, interfered with his mail, and denied him the right to be heard on his grievances.

Upon review of the complaint, that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

---

[1] The plaintiff filed this complaint on May 20, 2016 in the Circuit Court of Montgomery County, Alabama. On July 7, 2016, the defendants removed this cause of action to this court pursuant to 28 U.S.C. §§ 1441 and 1446.

## II.  DISCUSSION

A 42 U.S.C. § 1983 "civil action may be brought in -- (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The complaint establishes that the actions about which the plaintiff complains occurred within the jurisdiction of the United States District Court for the Northern District of Alabama. It likewise appears that all of the individuals named as defendants reside in the Northern District of Alabama. Under these circumstances, the claims asserted by the plaintiff are beyond the venue of this court. However, it is clear that the proper venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

It is further

ORDERED that on or before August 10, 2016, the parties may file objections to the Recommendation.  Any objection must specifically identify the findings in the Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of July, 2016.

                                                /s/  Wallace Capel, Jr.
                                    UNITED STATES MAGISTRATE JUDGE